UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SUSANNE D. HELBIG,

    Petitioner,

v.                        Case No. 4:18cv547-WS-HTC

UNITED STATES OF AMERICA, et al.,

    Respondents.
_____/

REPORT AND RECOMMENDATION

This case is before the Court on Petitioner Susanne D. Helbig's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (ECF Docs. 1, 2), Respondent United States of America's response (ECF Doc. 17) and Helbig's reply (ECF Doc. 21). The case is referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the parties' submissions, the undersigned recommends Helbig's petition be denied.

    I.    Background

In 2014, Helbig, a German national, pleaded guilty to mortgage fraud conspiracy and making a false statement on a tax return in the U.S. District Court for the Western District of Virginia. ECF Doc. 17-1 at 1. She was sentenced to 96 months in prison. *Id.* at 2. Helbig is currently a Bureau of Prisons ("BOP") inmate

confined at the Federal Correctional Institution in Aliceville, Alabama. ECF Docs. 19, 22. At the time she initiated this case, she was confined at the Federal Correctional Institution in Tallahassee, Florida. ECF Doc. 1.

In May 2017, Helbig began requesting an immigration hearing to clarify whether she would be deported at the end of her prison sentence. ECF Doc. 2 at 1-2. Because Helbig is not an American citizen, she is "assessed a Public Safety Factor, which deprives [her] from realizing a lower, more appropriate custody level, imposing a much harsher punishment and exposing [her] to more severe conditions at a higher security level; it refuses [her] any eligibility to time credits due to program participation, and home detention custody release." *Id.* at 1-2. If a hearing was held and an immigration judge determined Helbig would not be deported upon her release, the Public Safety Factor would be removed and Helbig could participate in rehabilitative programs and receive a lower security classification. *Id*.

Helbig had an immigration interview in March 2018 and was told she "would receive the final paperwork within 6 weeks at the most." *Id.* at 1. After Helbig received no further information, she unsuccessfully filed administrative grievances requesting an immigration hearing. ECF Doc. 1 at 8-13. Helbig then filed her § 2241 petition. ECF Docs. 1, 2. She was subsequently transferred to FCI

Aliceville, one the BOP's Institution Hearing Program[1] ("IHP") sites. ECF Docs. 19, 22; ECF Doc. 17-4 at 1.

Helbig alleges the Government's failure to hold an immigration hearing violates her due process rights, federal statutes and BOP Program Statements. ECF Doc. 1 at 3. As relief, Helbig asks the Court to order the Government to provide her with "an immigration hearing in compliance with federal law and DOJ/FBOP policy and directives." *Id.* at 6.

II.   Discussion[2]

"A necessary predicate for the granting of federal habeas relief . . . is a determination by the federal court that [a prisoner's] custody violates the

---

[1] The BOP's Institution Hearing Program "is a coordinated effort between the Federal Bureau of Prisons (Bureau), Immigration and Customs Enforcement (ICE), and Executive Office for Immigration Review (EOIR), to provide deportation, exclusion, or removal proceedings to sentenced aliens." ECF Doc. 17-3 at 1. The IHP "process allows ICE to effect removal immediately upon completion of an inmate's sentence" by conducting immigration proceedings while the inmate is serving his or her sentence. *Id.*

[2] The Government suggests the Court does not have jurisdiction under 28 U.S.C. § 2241 to review Helbig's claims because she does seek expedited or immediate release from custody. ECF Doc. 17 at 2-3. Liberally construing Helbig's petition, she is, at least in part, challenging her place of confinement. The Eleventh Circuit "has considered an attack by a federal prisoner on [her] place of confinement to be relief sought pursuant to 28 U.S.C. § 2241." *United States v. Saldana*, 273 F. App'x 845, 846 (11th Cir. 2008) (citation omitted). Additionally, courts within the Eleventh Circuit have addressed claims brought in § 2241 petitions that are similar to Helbig's. *See Jenner v. Stone*, CV 317-068, 2018 WL 2976995, at *1 (S.D. Ga. May 16, 2018) (addressing merits of § 2241 petition concerning "BOP's application of public safety factors to Petitioner and the effect on his ability to be released on his home release date") *Report and Recommendation adopted by* 2018 WL 2972350 (S.D. Ga. June 13, 2018); *see also Baranwal v. Stone*, No. CV 314-098, 2015 WL 171410 (S.D. Ga. Jan. 13, 2015).

Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241).

Here, Helbig alleges her due process rights have been violated because the Government's failure to schedule an immigration hearing has subjected her to harsher conditions of confinement and prevented her from realizing the full benefits of the BOP's rehabilitative programs. Helbig's allegations, however, do not present a viable due process claim because she does not have a liberty interest in either her custodial classification or rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting no due process protections are required for "prisoner classification and eligibility for rehabilitative programs in the federal system"; "Congress has given federal prison officials full discretion to control these conditions of confinement . . . and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); *Jennings v. Fed. Bureau of Prisons*, 344 F. App'x 954, 955 (5th Cir. 2009) ("An inmate lacks any constitutional interest in custodial classification, and his disagreement with his classification is insufficient to state a constitutional violation.") (citation omitted); *Baranwal*, 2015 WL 171410 at *3 ("[B]ecause federal prisoners do not possess a liberty interest in their security classification, a claim that the [Public Safety Factor] deprives Petitioner of liberty without due process in violation of the Fifth

Amendment must fail. . . . Nor do they possess a liberty interest in rehabilitative programs, such as home confinement.") (citations omitted).

Helbig also argues the Government must provide her with an immigration hearing pursuant to 8 U.S.C. § 1228(a)(3)(A).[3] ECF Doc. 1 at 3; ECF Doc. 2 at 5. That statute states:

> **(3) Expedited Proceedings**
>
> **(A)** Notwithstanding any other provision of law, the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony.
>
> **(B)** Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined.

8 U.S.C. § 1228(a)(3). Additionally, the statute provides that "[n]othing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1228(a)(1).

Thus, "[t]he statute governing deportation procedures does not require the government to institute and conclude removal proceedings prior to the expiration of an alien's sentence in a correctional facility." *Quevedo-Roque v. U.S. Fed. Bureau*

---

[3] Helbig also cites 8 U.S.C. § 1101, but that section simply provides definitions for terms used in Chapter 12 (§§ 1101-1537) of Title 8.

Case No. 4:18cv547-WS-HTC

*of Prisons*, No. 1:12-CV-0072-AWI-DLB (HC), 2012 WL 3156794, at *2 (E.D. Cal. Aug. 3, 2012) (citing 8 U.S.C. § 1228(a)(3)(B)); *see also Guerra v. U.S. Dep't of Homeland Sec.*, Civil Action No. 06-2344 (AET), 2006 WL 3486017, at *3 (D.N.J. Nov. 30, 2006) ("[A] prisoner cannot compel the BICE, by way of habeas or mandamus petition or the Administrative Procedure Act, to initiate removal proceedings while the alien is serving his prison term. . . . [A]ny such claim brought by an alien inmate to compel the BICE to initiate removal proceedings before the inmate's prison sentence is completed is unripe and subject to dismissal.") (citations omitted). Accordingly, the Court cannot grant Helbig's petition and order the Government to provide her with an immigration hearing under § 1228.

Likewise, the Government's failure to comply with BOP Program Statement 5111.04, Institution Hearing Program, does not provide a basis for habeas relief. "A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011); *see also Sepulveda v. Warden Canaan USP*, 645 F. App'x 115, 118 n.2 (3rd Cir. 2016) ("A habeas claim under § 2241 cannot be sustained based solely on the BOP's alleged violation of its own Program Statements inasmuch as the Program Statements are not mandated by statute or the Constitution[.]"); *Le v. Augustine*, No. 5:12cv377-LAC-EMT, 2013 WL 2250142, at *7 (N.D. Fla. May 22,

2013) ("A claim that the BOP violated its own Program Statements, when the Program Statements were not mandated by statute or the constitution, does not constitute a violation of federal law; therefore, it cannot be sustained in a habeas petition.") (citations omitted).

Finally, Helbig suggests the Government's failure to expeditiously resolve her immigration status, and the resultant conditions of her confinement, cause her mental anguish and constitute cruel and unusual punishment in violation of the Eighth Amendment. ECF Doc. 21 at 1-2. Specifically, she alleges she is housed with "violent and unstable inmates" and the BOP has shown "deliberate indifference" to substantial risks of harm to her. *Id.* at 2-3. However, these types of challenges to the conditions of her confinement must be brought in a civil rights action, not a § 2241 habeas petition. *See Chandler v. Crosby*, 379 F.3d 1278, 1288-90 (11th Cir. 2004) (discussing the two-part analysis governing Eighth Amendment challenges to conditions of confinement in civil rights actions); *Adams v. Wells*, No. CV 307-076, 2009 WL 87772, at *1 (S.D. Ga. Jan. 12, 2009) ("To the extent Petitioner is contesting the conditions of his confinement, such claims are not properly brought under § 2241. The petition for habeas corpus is available to challenge the fact or duration of one's confinement, not the conditions of confinement.").

Accordingly, it is RECOMMENDED:

1. That the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF Docs. 1, 2) be DENIED.

2. That the clerk close the file.

At Pensacola, Florida, this 7th day of August, 2019.

                         */s/ Hope Thai Cannon*
                         **HOPE THAI CANNON**
                         **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.